UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MELINDIA GAIL JACKSON,                          Case No.  DK 13-07534
                                                Hon. Scott W. Dales
                Debtor.                         Chapter 7

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

Melindia Jackson (the "Debtor") filed a motion to transfer her no-asset chapter 7 bankruptcy case to the Eastern District of Michigan (the "Transfer Motion," ECF No. 92), arguing that she recently moved to the Eastern District and that she cannot afford to drive from her new home to the Western District of Michigan for court appearances.

The court conducted a hearing on this latest motion by telephone on March 14, 2016 to accommodate the Debtor's transportation difficulties.  The Debtor appeared *pro se* and argued in support of transferring the case; U.S. Bank, her principal creditor, also appeared but did not take a position on the Transfer Motion.  The court has carefully considered the motion and the Debtor's oral argument, and has decided not to transfer the Debtor's case to the Eastern District.

Although the Debtor cites no authority in support of the Transfer Motion, the court regards the matter as governed largely by 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014(a)(1).  The Judicial Code provides that the court may transfer a case or proceeding under title 11 "to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.  Bankruptcy Rule 1014(a) implements this provision, drawing a distinction between cases filed in the proper district, and cases filed in an improper district.

Here, because the Debtor resided within the Western District of Michigan when she filed her chapter 7 petition, the case was filed in the "proper district"[1] so the applicable rule provides as follows:

> Cases Filed in Proper District. If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(1).

First, although the supposed impetus for the Transfer Motion is of recent origin (the Debtor is relocating to the Eastern District as a result of a foreclosure, eviction, and "lock out" from her former residence in March), the court does not regard the Transfer Motion as "timely" under the circumstances. This case has been pending in the Western District for nearly three years and for all intents and purposes is concluded: the chapter 7 trustee issued the Chapter 7 Trustee's Report of No Distribution (electronic entry dated Oct. 29, 2014), indicating that there will be no distribution to unsecured creditors, and the Debtor received her discharge on Feb. 13, 2015. As a practical matter there is nothing meaningful left for the bankruptcy court to accomplish,[2] which makes any transfer at this point untimely.

Second, when the court inquired of the Debtor why she was requesting a transfer, she replied that she was considering filing additional schedule amendments, and her move to the Eastern District makes this more difficult for her. But, as a *pro se* litigant, the Debtor can file

---

[1] *See* 28 U.S.C. §§ 102(b) (listing counties within the Western District of Michigan) & 1408 (specifying venue for proceedings under title 11).

[2] The court recently dismissed the Debtor's complaint against her former lender in *Jackson v. U.S. Bank National Association, as Trustee*, Adv. No. 15-80277, and the merits of her appeal from that judgment will soon be in front of the United States District Court for the Western District of Michigan, assuming she perfects the appeal.

papers with the court using the United States Postal Service from her new community, even if the case remains right here where it began.  And, as far as the Debtor's convenience and transportation needs are concerned, the court has already addressed these issues by adjourning hearings the Debtor could not attend, and conducting hearings by telephone at her request.  In the unlikely event that additional hearings are necessary, the court is receptive to further requests to appear by telephone, provided testimony is not required.

Finally, to the extent the Debtor is complaining about the "process" she received in this court, hinting that the Western Distirct is somehow more "conservative" than the Eastern District, her request suggests forum shopping, which the court does not regard as an appropriate reason for transfer.

To summarize, neither the interests of justice nor the convenience of the parties justifies transferring the case at this late stage in the proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Transfer Motion (ECF No. 92) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Debtor Melindia Gail Jackson, John M. Van Elk, Esq., Elizabeth M. Abood-Carroll, Esq., Thomas R. Tibble, chapter 7 Trustee, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 6, 2016**



_____

Scott W. Dales
United States Bankruptcy Judge