UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MELINDIA GAIL JACKSON,                                   Case No.  DK 13-07534
                                                         Hon. Scott W. Dales
                    Debtor.                               Chapter 7
_____/

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

In response to several letters from *pro se* debtor Melindia Jackson, the court held a hearing

on January 24, 2017, in Kalamazoo, Michigan, at which the United States Trustee and Wells Fargo

Home Mortgage, Inc. appeared through counsel.  Ms. Jackson (the "Debtor") did not appear, after

the court denied her request to appear by telephone, or to adjourn the hearing.

As the court has previously observed, except for the pendency of the Debtor's litigation to

unwind the foreclosure of her interest in her former home, this case would have been closed long

ago.  Indeed, the chapter 7 trustee filed his "no asset report" indicating that he would not be making

any distributions to creditors and asking to be discharged as trustee.  *See* Chapter 7 Trustee's

Report of No Distribution (filed electronically on October 29, 2014, hereinafter the "No Asset

Report").  The court entered the Debtor's discharge on February 13, 2015 (ECF No. 66, the

"Discharge").

To the extent the Debtor's recent filings ask the court to reconsider its refusal to transfer

her case to the Eastern District of Michigan,[1] where she now resides, the court finds no grounds

warranting reconsideration.  *See GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834

_____

[1] ECF No. 116.

(6th Cir. 1999); *In re Solomon*, 436 B.R. 451, 453 (Bankr. W.D. Mich. 2010); *In re Ying Ly*, 350 B.R. 757 (Bankr. W.D. Mich. 2006).

To the extent the Debtor seeks an order unwinding the foreclosure of her interest in the former residence,[2] the court similarly finds no basis for granting relief, largely for the same reasons expressed in the opinion and judgment dismissing her adversary proceeding against Wells Fargo, from which she has appealed.  Moreover, the pendency of the Debtor's appeal, which continues to challenge the foreclosure, deprives the court of jurisdiction to revisit matters now pending in the United States District Court, even if the court were inclined to do so.  *Cf. Williamson v. Recovery Ltd. P'ship,* 731 F.3d 608, 626 (6th Cir. 2013) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).

To the extent the Debtor intends to give interested parties notice of a new account number from Wells Fargo,[3] the court finds that she accomplished this objective simply by filing ECF No. 113.  In fact, during the hearing, counsel for Wells Fargo withdrew its objection to this aspect of the Debtor's recent filings, and confirmed that the lender has indeed assigned account number 0536272321 to the Debtor's now-discharged loan obligation.  Although the court cannot understand how this information has any remaining relevance following the foreclosure and the entry of the Discharge, and given the imminent closing of the case, certainly the Debtor's filing is now a matter of public record.

Similarly, to the extent the Debtor wishes to amend her schedules to list omitted creditors,[4] she may do so "as a matter of course at any time before the case is closed," provided that she also gives notice of the amendment to the affected entities.  *See* Fed. R. Bankr. P. 1009(a).  Depending

---

[2] ECF No. 114.
[3] ECF No. 113.
[4] ECF No. 115.

on the nature of the claims of these creditors, they may be subject to the Discharge as soon as they learn of the case because this is a "no asset case." *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467 (6th Cir. 1998); *see generally* 11 U.S.C. § 523. Perhaps the court's reference to *Madaj* in this Order will suffice to persuade any omitted creditors (and the Debtor) that the claims are discharged, but the court is in no position to make any formal declaration about the dischargeability of any claims of unnamed, omitted creditors based on the Debtor's recent letter-filings. *See* Fed. R. Bankr. P. 7001(6).

The court has considered the Debtor's other arguments and finds in them no grounds for relief. After reviewing the Debtor's recent filings, and having conducted a hearing on these issues, the court has determined to withhold all relief.

Finally, during the hearing the United States Trustee asked the court to consider closing the case, given that the panel trustee filed the No Asset Report and requested to be discharged as trustee over two years ago. Typically, the court keeps cases open during the pendency of any appeals, but the applicable statute and implementing rule do not require the court to do so. Rather, the court "shall" close a bankruptcy case "[a]fter an estate is fully administered and the court has discharged the trustee." *See* 11 U.S.C. § 350(a). Here, the court finds, based on the presumption arising from the No Asset Report and the absence of objection, that the estate has been fully administered. *See* Fed. R. Bankr. P. 5009(a).

Moreover, the court sees no reason not to discharge the trustee, based on the same report and the court's familiarity with this case. The pending appeal, which the court regards as frivolous, has absolutely no bearing on the estate or the trustee, and should not stand in the way of closing the case. This case is due -- indeed overdue -- to be closed. The court will, therefore, direct the Clerk to enter a final decree discharging the trustee and closing the case, promptly after entry of

this Memorandum of Decision & Order.  A modest additional delay in closing the case will give the Debtor a final opportunity to file any schedule amendments she regards as necessary.  *See* Fed. R. Bankr. P. 1009(a).

NOW, THEREFORE, IT IS HEREBY ORDERED that except as provided above with respect to the Debtor's new account numbers, all requests for relief included within ECF Nos. 113, 114, 115 and 116 are DENIED.

IT IS FURTHER ORDERED that the Clerk shall prepare and enter a final decree discharging the trustee and closing the case, promptly but not earlier than twenty eight days after entry of this Memorandum of Decision & Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Debtor Melindia Gail Jackson, John M. Van Elk, Esq., Elizabeth M. Abood-Carroll, Esq., Thomas R. Tibble, chapter 7 Trustee, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 26, 2017**



Scott W. Dales
United States Bankruptcy Judge