UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MELINDIA GAIL JACKSON,                          Case No.  DK 13-07534
                                                Hon. Scott W. Dales
           Debtor.                              Chapter 7
_____/

MEMORANDUM OF DECISION & ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

*Pro se* chapter 7 debtor Melindia Jackson, still unhappy with the court's decisions in this matter, seeks an order deferring entry of her discharge (ECF No. 135, the "Deferral Motion"), and an order of recusal, evidently pursuant to 28 U.S.C. § 455 (ECF No. 137, the "Recusal Motion"). Finding merit in neither request, the court will deny both motions.

In the Deferral Motion, Ms. Jackson asks the court to defer entry of her discharge "[u]ntil resolved in appeal court." Although she has pursued several appeals, none involves her discharge (ECF No. 66), which the court entered more than two years ago. The Deferral Motion is untimely, and the court will not assume that Ms. Jackson intends to revoke her discharge -- the main benefit to her from this most recent of her several bankruptcy petitions.

The Recusal Motion, in addition to lacking merit, is also untimely as a practical matter. The court has made its rulings on Ms. Jackson's various motions regarding venue, her former residence, and her discharge, among other issues. The estate is fully administered and the court

has already announced its intention to close the case pursuant to 11 U.S.C. § 350. *See* Memorandum of Decision & Order entered January 26, 2017 (ECF No. 133, the "MDO").[1]

On the merits, the Recusal Motion also fails. A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge must recuse for "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). These standards apply to bankruptcy judges, and the applicable rule states that "[a] bankruptcy judge shall be . . . disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a). The Sixth Circuit's Bankruptcy Appellate Panel recently observed that recusal is mandatory when, "based on an objective standard of a reasonable person with knowledge of all the facts, the Bankruptcy Judge concludes that her impartiality is reasonably placed in question." *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 379-80 (6th Cir. 2015 B.A.P.) (quoting *Barna v. Haas (In re Haas)*, 292 B.R. 167, 175-76 (Bankr. S.D. Ohio 2003)), *aff'd*, 652 F. App'x 330 (6th Cir. 2016), *cert. denied sub nom. Grossman v. Wehrle*, No. 16-642, 2017 WL 276189 (U.S. Jan. 23, 2017).

Most of the grounds for disqualification mentioned in the Recusal Motion stem from the court's opinions expressed while ruling against Ms. Jackson, but "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Ms. Jackson's aspersions suggesting that the court or others

---

[1] In reliance on the MDO, the Clerk entered the Text Order of Final Decree (ECF No. 139) on February 24, 2017, one day after Ms. Jackson filed her recent motions and an untimely notice of appeal from the MDO (ECF No. 138). *See* Fed. R. Bankr. P. 8002(a).

modified official transcripts or engaged in *ex parte* communications are fanciful.  The court has no bias against Ms. Jackson, and her unfounded belief to the contrary provides no objective basis for recusal.

The court has considered the Debtor's other arguments, including the allusion to the undersigned's prior employment as counsel for an unrelated banking institution, and finds in them no ground for relief.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Deferral Motion (ECF No. 135) and the Recusal Motion (ECF No. 137) are DENIED.

IT IS FURTHER ORDERED that notwithstanding the entry of the Text Order of Final Decree (ECF No. 139), the Clerk may process the notice of appeal (ECF No. 138) and any timely motion or notice of appeal regarding the Deferral Motion and the Recusal Motion (without requiring a reopening fee and without further order).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Debtor Melindia Gail Jackson, John M. Van Elk, Esq., Elizabeth M. Abood-Carroll, Esq., Thomas R. Tibble, chapter 7 Trustee, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 24, 2017**



_____
Scott W. Dales
United States Bankruptcy Judge